Brad L. Puffpaff, WSBA No. 46434
Attorney at Law
4620 200th Street SW, Ste D
Lynnwood, WA 98036

The Honorable Marc Barreca
United States Bankruptcy Judge
Hearing Date: September 26, 2018
Hearing Time: 10:00 AM
Hearing Location:

Marysville Municipal Court
1015 State Ave. Courtroom 1
Marysville, WA 98270

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In Re:

Brian Lettman,

Debtor.

Case No. 17-10063-MLB

In Proceedings under Chapter 7

**REPLY TO CREDITOR'S RESPONSE TO MOTION FOR SANCTIONS FOR VIOLATION OF AUTOMATIC STAY**

## REPLY

1. **Sound Mind LLC ceased to be a legal entity on March 13, 2016 because its' organization and termination is governed by Delaware law.** In Washington, a foreign limited liability company ("FLLC") "registered *to do business in this state* is subject to RCW 23.95.500 relating to the effect of registration and the governing law…" (RCW 25.15.316, emphasis added). RCW 23.95.500(1) states "[t]his chapter does not authorize this state to *regulate the organization or internal affairs* of a foreign entity registered to do business in this state, *or govern the liability that a person has as an interest holder or governor for a debt,* obligation, or other liability of the foreign entity. (Emphasis added).

DEBTOR'S REPLY- 1

Case 17-10063-MLB   Doc 49   Filed 09/21/18   Ent. 09/21/18 18:16:50   Pg. 1 of 6

Under Delaware law, a Certificate of Formation must be filed to form a limited liability company (LLC). 6 Del. C. § 18-201(a). A Delaware LLC "shall cease to be a legal entity upon cancellation of its' Certificate of Formation. *Id; See also Chantz Enterprises, LLC v. JHL Brighton Desing/Décor Center, LLC,* Del. Super., C.A. No. 09C-06-072, MJB (June 30, 2010). Statutory authority is required in Delaware to prolong the life of a legal entity beyond the date it was terminated. *In re Citadel Indus., Inc.*, 423 A.2d 500, 503 (Del.Ch. 1980).

Sound Mind LLC was a Delaware entity. Its Certificate of Formation was filed in Delaware pursuant to 6 Del. C. § 18-201(a), and eventually cancelled by operation of law under 6 Del. C. § 18-104(d). Sound Mind LLC ceased to be a legal entity on March 13, 2016 unless Creditor can provide statutory authority under the Delaware Code extending the life of Sound Mind LLC beyond the date its Certificate of Formation was canceled. See *Chantz Enterprises, LLC v. JHL Brighton Desing/Décor Center, LLC,* Del. Super., C.A. No. 09C-06-072, MJB (June 30, 2010); See also *In re Citadel Indus, Inc.* at 503.

Creditor seems to argue in its Response that a party need only admit in court pleadings that a legal entity exists. This is a misstatement, or at a minimum a misunderstanding of law. Creditor's Response, Attachment A, demonstrates that both Washington and Delaware have specific requirements for a legal entity to be organized. Debtor's admissions in state court proceeding that Sound Mind LLC is a Washington LLC as stated in the Creditor's complaint does not make it so under Washington or Delaware Law. Neither do communications from the Debtor, his previous counsel, or any other party. If that were true, a debtor and creditor only need contrive a legal entity into existence to protect a debtor's assets from the bankruptcy estate. While this matter is complicated, the

fact remains that Sound Mind LLC did not exist as a legal entity under Delaware law at the time Debtor filed his bankruptcy.

2. **Sound Mind LLC was not revived under 6 Del. C. § 18-1108 because it does not apply**. When a Certificate of Formation is cancelled for failure to pay the annual tax due under 6 Del. C. § 18-1107, the cancellation becomes effective three years after the due date. 6 Del.C. § 18-1108. If the taxes are paid within the three-year tolling period, the Certificate of Formation is revived. *Id.*; *Chantz Enterprises, LLC v. JHL Brighton Desing/Décor Center, LLC,* Del. Super., C.A. No. 09C-06-072, MJB (June 30, 2010). Cancellation of the Certificate of Formation for failure to provide a registered agent is treated differently than other methods of cancellation and does not have any such revival period. See *Steven B, Trusa v. Norman Nepo, et al,* Del. Ch., C.A. No, 12071-VCMR, Montgomery Reeves, (April 13, 2017).

Sound Mind LLC's Certificate of Formation was canceled by operation of law for failing to provide a registered agent, not for failure to pay annual taxes under § 18-1107. Although Creditor argues that Sound Mind LLC was somehow revived under 6 Del. C. § 18-1108, this section of the code only applies to entities cancelled for failure to pay annual taxes, which is not what happened in this case.

3. **Sound Mind LLC was not revived by the Washington Foreign Registration Statement**. As mentioned above, the organization of a foreign entity is governed by the state in which it was organized, not by RCW 23.95.500. Debtor has not revived Sound Mind LLC with the State of Delaware after the Certificate of Formation was cancelled. In support of its' assertion that Sound Mind LLC was revived, Creditor provided a Washington Foreign Registration Statement for Sound Mind LLC filed on October 27,

2017 and a Certificate of Good Standing from Delaware that did not convert properly to PDF. See Exhibit 13 of the Declaration of Klaus O Snyder.

Assuming creditor could have properly examined the certificate, it would have realized that the Sound Mind LLC identified in Exhibit 13 is a separate legal entity incorporated in Delaware on October 26, 2017 under file number 6593411 ("Sound Mind 2"). The Sound Mind LLC canceled March 13, 2016, that is at issue in this case, was incorporated in Delaware on November 13, 2012 under file number 5240954 ("Sound Mind 1"). Although the State of Washington has recognized both Sound Mind LLC's as foreign entities under the same UBI number, each entity is legally separate under Delaware law. While Sound Mind 2 is in good standing in Delaware, Sound Mind 1's Certificate of Formation was canceled and has never been revived.

4. **A Special Warranty Deed conveying property to Sound Mind LLC, a Delaware Limited Liability Company has no legal affect on the organization or termination of an entity.** As stated above, Washington and Delaware have specific requirements for a legal entity to be organized. Both state also have specific processes to terminate an entity. Debtor is unaware of any statute in either state, and Creditor has not provided one, that indicates an entity remains in existence simply because there is a deed conveying real property to a party identified as a Limited Liability Company.

Creditor provides a Special Warranty Deed showing real property conveyed to Sound Mind LLC, a Delaware Limited Liability Company on March 5, 2014. See Declaration of Klaus Snyder Exhibit 15. Beside providing evidence that Creditor should have know at the time it filed its complaint in state court that Sound Mind LLC was incorporated in Delaware, the deed does not circumvent the cancellation of Sound Mind LLC's Certificate

of Formation in Delaware. Real property cannot be owned by a separate entity that does not legally exist. As a result, the real property is effectively transferred to the debtor personally as a sole proprietor thus becoming property of the bankruptcy estate.

3. **Creditor's request for sanctions and attorney fees is improper**. Sanctions under Rule 9011 are improper when a party's argument is nonfrivolous, and supported by law and evidence. Any such sanctions may only be granted by a separate motion after giving notice and an opportunity to respond. FRBP Rule 9011(c).

In this case, Creditor's request is not by separate motion after giving proper notice. However, Creditor makes two assertions in support of its request for sanctions. First, Creditor asserts "Debtor misrepresents Delaware law" to this Court. Unlike Creditor's response, Debtor's pleadings are supported by statutory law and case law applying such statutory laws. Yet, Creditor's attorney admits he did not take the time to research Delaware Law. (ECF No. 46, Paragraph IV.A) Instead, he simply provides this Court with several Delaware and Washington statutes with his personal interpretation. Although Creditor may not agree with Debtor's arguments, disagreement is not enough to merit sanctions and attorney fees.

Second, Creditor asserts Debtor has used multiple attorneys to "put the squeeze" on Brown Electric and its attorney. While Debtor has employed other attorneys, neither of his prior attorneys fully researched the matter, or had a full understanding of the law. In fact, the issues in controversy were never litigated. As shown in the exhibits provided by Creditor, any time it came close to being litigated Creditor's attorney threatened a motion for Rule 9011 Sanctions. Base on this pattern, it appears Creditor's attorney was the party

DEBTOR'S REPLY- 5

Case 17-10063-MLB    Doc 49    Filed 09/21/18    Ent. 09/21/18 18:16:50    Pg. 5 of 6

who "put the squeeze" on Debtor and his attorneys to prevent this issue from every being resolved. Thus, Creditors request for sanctions and attorney fees should be denied.

DATED: This 21st day of September 2018.

By: */s/ Brad L. Puffpaff*
Brad L Puffpaff, WSBA #46434
Attorney for Debtor

DEBTOR'S REPLY- 6